UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MIZELL E. EWING, III, | ) | CASE NO. 4:11 CV1905 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Mizell E. Ewing, III filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against J. T. Shartle, former Warden at the Federal Satellite Low in Elkton, Ohio ("F.S.L. Elkton"), K. Cole, A. Fekete, and J.C. Hayes.

Petitioner, who is incarcerated at F.S.L. Elkton, alleges a restraint of his liberty without due process and requests an order directing the Bureau of Prisons (BOP) to immediately evaluate him for placement in a Residential Re-entry Center (R.R.C.) by considering the factors set forth in 18 U.S.C. § 3621(b). For the following reasons, the Petition is dismissed.

*Background*

The Petition alleges the following. On or about October 28, 2010, Petitioner requested consideration for placement in a R.R.C. His case manager, J. C. Hayes, denied the request but advised: "You will be reviewed for R.R.C. placement at 17-19 months prior to your release." (Pet. at 4) Petitioner appealed to the Warden, who also denied the request. On appeal to Regional Director J. L. Norwood, Petitioner's request was granted.

A Residential Re-Entry Center Consideration (RRCC) review, dated January 25, 2011, was conducted on behalf of Petitioner pursuant to the Second Chance Act of 2007 (hereinafter "the Act").[1] The Unit Team reviewed Petitioner "on an individual basis" and considered six criteria in making its recommendation. Ultimately, the Unit Team recommended that "R.R.C. placement not be requested at that time," and commented that "[a]n R.R.C. at this time would minimize the seriousness of your offense." (Pet.'s Ex. 1)

Petitioner protests the fact that his request for placement in a R.R.C. was evaluated under the provisions of the Act which rendered him "automatically . . . ineligible for R.R.C. placement pursuant to 18 U.S.C. §3621(b) and its five factors." (Pet. at 4) Petitioner argues that the Act, "based off of 18 U.S.C. §3624(c), . . . [as well as] BOP regulations and actions . . . violate the unambiguously expressed intent of Congress conveyed in 18 U.S.C. § 3621(b)" which mandates that BOP decisions regarding prisoner placement and transfers be evaluated under the five factors enumerated therein. (Pet. at 4) He adds that the Unit Team's failure to apply the factors outlined under § 3621(b) during his RRCC review disregards a BOP

---

[1] Consequently, a review for R.R.C. placement was considered much earlier than 17-19 months before Petitioner's October 7, 2014 projected release date.

-2-

Memorandum.

*Standard of Review*

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970).) Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

*Discussion*

The federal habeas statute provides, in relevant part, that: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). The statute only extends its reach to challenges that affect the length or duration of a prisoner's sentence. Thus, any claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

Petitioner suggests the BOP's practice of delaying review of a prisoner's placement in a R.R.C. until 17-19 months before his scheduled release, directly contradicts the Congressional intent expressed in 18 U.S.C. §3621(b) which provides that the BOP has discretion to place an inmate into "any available penal or correctional facility" and to "direct the transfer of an inmate from one penal or correctional facility to another. . . at any time." 18 U.S.C.

§ 3621(b). The statute also outlines five criteria the BOP must apply in its evaluation of whether to transfer a prisoner:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Petitioner believes the BOP has ignored the criteria set forth in § 3621(b) and, instead, relied solely on 18 U.S.C. §3624 to evaluate his R.R.C. placement in direct conflict with the BOP's obligation to fully evaluate every criteria listed under §3621(b).

Initially, to the extent Petitioner challenges the BOP's practice of waiting 17-19 months before a prisoner's scheduled release to initially evaluate the length of his placement in a R.R.C., he has not presented a justiciable claim. Justiciability encompasses numerous doctrines, including mootness, standing, the prohibition on advisory opinions, and the political question doctrine. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). With each of these, it is the claimant's burden to demonstrate that his case presents a live controversy. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

Petitioner states that a Unit Team conducted an RRCC review of his potential placement in a R.R.C. in February 2011. Petitioner's projected release date is October 7, 2014. Thus, the RRCC review was at least 44 months in advance of that date. Thus, even if the BOP has a stated practice of waiting 17-19 months before a prisoner's scheduled release, that practice was not imposed on Petitioner.

For non-statutory claims, such as the constitutional claim at issue here, the Supreme Court requires a showing that the litigant have a "personal stake in the outcome of the controversy." *See Sierra Club v. Morton*, 405 U.S. 727, 732 (1972). Petitioner does not have a personal stake in the outcome because any challenge he levels against the BOP's practice would only benefit a class of prisoners still awaiting initial consideration for R.R.C. placement and not him.

Moreover, Petitioner suggests that 18 U.S.C. § 3624, as amended by the Act, undermines the Congressional intent expressed in §3621(b). This Court disagrees. 18 U.S.C. § 3624(c) states:

> The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is-- conducted in a manner consistent with section 3621(b) of this title.

BOP regulations, 28 C.F.R. §§ 570.20 through 570.22, amended on October 7, 2008, assured that all placement and transfer determinations take into consideration each of the five enumerated factors under § 3621(b). In fact, Petitioner's RRCC review took into consideration the statute's enumerated factors. (Pet. Ex. 1)

Finally, Petitioner has no liberty interest in R.R.C. placement. Petitioner attaches copies of grievances he filed to request either a prison transfer or release to a R.R.C. in order to enroll in courses that F.S.L. Elkton does not provide. These courses, he argues, would provide training to secure employment upon his release from prison.

Settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, security classification, or housing assignment. *See Olim v.*

*Wakinekona*, 461 U.S. 238, 245 (1983). Congress has vested the BOP "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoners." 18 U.S.C. § 3621; *Moody v. Daggett*, 429 U.S. 78, 88 (1976). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).

For all the foregoing reasons, Petitioner is not entitled to habeas relief.

*Conclusion*

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/28/12